**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RASHAAD WILSON,<br><br>*Defendant.* | **Case No. 1:26-CR-219-RCL** |

**MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF PRETRIAL DETENTION**

Rashaad Wilson is charged by a two-count indictment with unlawful possession of a firearm in violation of 18 U.S.C. §922(g)(1) and strangulation in violation of D.C. Code §22-404.04(a).

The Government made an oral motion to commit Mr. Wilson to custody on October 7, 2026. Magistrate Judge Sharbaugh granted the Government's motion and ordered that Mr. Wilson be held without bond. ECF No. 11.

On November 5, 2026, the Court held a bond review hearing for Mr. Wilson, where it ruled on his bond status *de novo*. Upon consideration of Mr. Wilson's Motion to Review, ECF No. 18, the Government's Memorandum in Opposition, ECF No. 19, and the oral representations of both parties at the hearing, Mr. Wilson was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention are set forth below.

## I. LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. §§3141 *et seq.*, sets forth the "limited circumstances" in which a defendant may be detained prior to trial "despite the presumption in favor of liberty." *United States v. Anderson*, 384 F. Supp. 2d 32, 34 (D.D.C. 2005).

The Bail Reform Act requires release of a defendant before trial unless a judicial officer determines, after a hearing, that "no condition or combination of conditions will reasonably assure the appearance" of the defendant in court or the "safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021).

"In determining whether the release of the defendant would endanger the community, the court must consider any available information concerning" (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug"; (2) "the weight of the evidence against the person"; (3) "various personal information including character, employment, past conduct, and so on"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (internal quotation marks omitted) (quoting 18 U.S.C. § 3142(g)).

The Government must demonstrate that no condition or combination of conditions would be reasonably adequate to ensure the safety of other members of the community by clear and convincing evidence. *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (citing 18 U.S.C. § 3142(f)).

## II. FINDINGS OF FACT

Upon consideration of the factors enumerated at § 3142(g) of the Bail Reform Act, the Court finds by clear and convincing evidence that Mr. Wilson has been shown to pose a risk to the safety of the community and that no conditions or combination of conditions imposed by the Court will reasonably protect others in the community.

### A. The Nature of the Offense

First, the Court considers the nature of the offense. The Court agrees with the Government that the possession of a concealed firearm is dangerous to the community. *See United States v. Kent*, 496 F. Supp. 3d 500, 506 (D.D.C. 2020). That is true even when, as here, the firearm was not being used to facilitate another crime. *See United States v. Blackson*, No. 23-cr-25, 2023 WL 1778194, at *7 (D.D.C. Feb. 6, 2023) ("[A]ctive use of a gun in connection with or to facilitate another criminal offense would heighten the danger to the community and other persons. Yet, the absence of such evidence does little to detract from the existing facts about the condition of the firearm and its placement on defendant's person that support detention.").

True, the gun in this case was concealed in a backpack and Mr. Wilson never brandished it or disposed of it openly. And, he notes, the officers had to rifle through the contents of the backpack to eventually find the gun concealed at the bottom. But the Court is not persuaded by the distinction. A loaded firearm remains dangerous even if it would take someone slightly longer to produce it. And Mr. Wilson discarded the bag in an apartment building. Leaving a firearm in a public corridor poses a risk to anyone who decided to open the bag and to others in the vicinity. Accordingly, the first factor weighs in favor of detention.

**B. Weight of Evidence**

Second, the Court finds that the weight of evidence against Mr. Wilson is compelling. The Government has proffered preliminary DNA evidence as well as body-worn camera footage that links Mr. Wilson to the bag in which the firearm was found. *See* Gov'ts Memo. in Support of Pre-Trial Detention, ECF No. 19, at 3 figs. 2, 3. Mr. Wilson offers no substantive response to this point, noting instead that "[t]he weight of the evidence is not a determinative factor." Def.'s Mot. for Release, ECF No. 17, at 5; *see also United States v. Riggins*, 456 F. Supp. 3d 138, 145 (D.D.C. 2020) ("[Defendant] does not address [the weight of the evidence] or point to any evidence that would impact this factor in the instant motion. This factor therefore weighs in favor of detention as well.").

**C. Defendant's Personal Information**

Third, the Court finds that Mr. Wilson's personal information weighs in favor of detention. His previous convictions for gun-related offenses, the fact that he allegedly committed the present offense while on probation, his previous failures to satisfactorily complete probation, and his flight from the officers in this case persuades the Court that he would not comply with any conditions of release. *See Munchel*, 991 F.3d at 1280–81 ("The District Court's finding as to appellants' potential compliance is relevant to the ultimate determination of 'whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community.'" (quoting 18 U.S.C. § 3142(f))).

**D. Danger to the Community**

Finally, the Court finds that Mr. Wilson would prove a danger to the community if released. That danger is that he "would use or possess a firearm in a dangerous way." *Kent*, 496 F. Supp.

3d at 506. Again, the fact that Mr. Wilson has been indicted for another gun-related offense while on probation for a gun-related offense suggests that he will not cease participating in a dangerous activity even if conditions are imposed on his release. *See United States v. Howard*, No. 20-181, 2020 WL 5642288, at *4 (D.D.C. Sept. 21, 2020) ("[R]ecidivist behavior involving a loaded firearm, though not used overtly in other criminal conduct, nonetheless provides clear and convincing evidence that defendant is not deterred from engaging in such conduct and that his release therefore poses a risk of danger to the community."). Firearm cases, though sadly ubiquitous, are serious matters which endanger the public. *See Kent*, 496 F. Supp. 3d at 506 ("Firearms present a risk of danger from either intentional or unintentional discharge; each risk has the potential to cause injury or death to members of the community."). And, as noted above, Mr. Wilson's failure to comply with conditions of probation persuade the Court that he would not adhere to any conditions of release.

## III. CONCLUSION

For the reasons contained herein, Mr. Wilson will be held without bond pursuant to the October 7 Order of Detention. His Motion for Release/Review, ECF Nos. 17, 18, will accordingly be denied.

Date: ____ November, 2026

______________________________
Hon. Royce C. Lamberth
United States District Judge